**ORDERED.**

**Dated: July 06, 2009**

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TYRONE HILL,<br><br>Debtor.<br>_____ | Chapter 13<br><br>No. 2:08-bk-16161-EWH<br><br>**MEMORANDUM DECISION** |

## I. INTRODUCTION

The chapter 13 debtor objected to a motion for relief from stay on the grounds that the moving party was not the proper party to bring the motion. The court finds that because, under Arizona law, the moving party was the holder of a promissory note secured by the debtor's property, the movant could properly seek stay relief.

## II. FACTS AND PROCEDURAL HISTORY

Jesse Chase received a loan ("Loan") from Suburban Mortgage ("Suburban") of $417,000.00 for the purchase of real property located at 530 East Rose Lane, Phoenix, Arizona. ("Property"). In consideration for the Loan, Mr. Chase executed a promissory note ("Note") on September 19, 2007, payable to Suburban as "Lender". (Motion for Relief, Exhibit A).

Attached to the Note is an undated document entitled "Endorsement Allonge to the Note" ("Allonge"). The Allonge contains two endorsements. The first endorsement states, "Pay to the Order of AmTrust Bank Without Recourse" and is signed by an assistant secretary

of Suburban.  The Allonge also contains a second endorsement which states, "Pay to the Order of _____ Without Recourse" and is accompanied by the signature of an agent for AmTrust Bank ("AmTrust").

The Note is secured by a deed of trust ("Deed of Trust") on the Property which was recorded at the Maricopa County Recorder's Office on September 21, 2007.  The Deed of Trust names Suburban as the secured "Lender."  The Deed of Trust also states the Mortgage Electronic Registration Systems, Inc. ("MERS") "is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under the security agreement." (Deed of Trust, pg 1, parg 6).

On January 19, 2008, Chase Home Financing, LLC ("Chase Finance") sent a letter to Mr. Chase indicating that JP Morgan Chase Bank ("Chase Bank") had assumed responsibility for the servicing of the Loan.  The letter further indicated that the rights to collect payments on the Loan had been "assigned, sold, or transferred" to Chase Bank effective February 1, 2008, and that Chase Finance would be performing the day-to-day servicing of the Loan.

On May 5, 2008, Mr. Chase executed a quitclaim deed transferring all interest in the Property to Desert Valley Development, LLC ("Desert Valley").  On May 27, 2008, a Notice of Trustee's Sale of the Property was recorded setting a sale date of August 28, 2008.  Chase Finance was named as beneficiary of the sale.

On August 27, 2008, one day prior to the Trustee's Sale, Desert Valley filed for chapter 11 relief.  As a result, the Trustee's Sale of the Property was postponed.  Desert Valley's chapter 11 case was subsequently dismissed on October 14, 2008 for failure to obtain counsel.

Following dismissal of its chapter 11 bankruptcy, on November 12, 2008, Desert Valley transferred by quitclaim deed all its interest in the Property to one of its members, Tyrone Hill ("Debtor").  The quitclaim deed was recorded at the Maricopa County Recorder's Office on

2

that same date at 1:26 PM. Also on that date, the Debtor filed a chapter 13 bankruptcy petition at 1:56 PM.

Chase Finance filed a motion for relief from the automatic stay ("Motion") in Debtor's chapter 13 bankruptcy on February 19, 2009. Chase Finance attached to the Motion copies of the Note and Deed of Trust as well as a document entitled "Assignment of Deed of Trust" ("Assignment") dated August 18, 2008. In the Assignment, MERS transfers to Chase Finance "all beneficial interest" in the Deed of Trust.

On March 4, 2009, the Debtor filed a Response to the Motion. In his Response, the Debtor raised several arguments including the claim that Chase Finance was not the proper party to prosecute the Motion. The Debtor also argued that Chase Finance had failed to comply with Local Rule 4001-1(b).[1]

The court held a preliminary hearing on the Motion on April, 23, 2009. At the hearing, the court ordered the Debtor to begin making monthly adequate protection payments to counsel for Chase Finance beginning May 1, 2009. At the hearing, counsel for Chase Finance admitted he did not comply with Local Rule 4001-1(b).

On June 24, 2009, at the evidentiary hearing held on the Motion, an employee of Chase Finance testified that Chase Finance had physical possession of the Note having acquired it in January of 2008. Chase Finance also produced the original Note at the hearing. After hearing all the evidence, the court took the matter under advisement.

### III. ISSUE

Was Chase Finance the proper party to bring the Motion?

---

[1] Local Rule 4001-1(b) states: "[a] motion seeking relief from stay as to the debtor's residence must be accompanied by a certification that: (i) movant's counsel sent a letter seeking to resolve the issues necessitating the motion to debtor's counsel or the debtor, if the debtor is without counsel, and that after sincere effort the parties have been unable to resolve the matter and (ii) the letter was sent at least five business days prior to the filing of the motion. In the absence of such certification the court may deny the inclusion of attorney's fees as part of the secured debt or as part of the allowed claim."

3

## IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334(a) and 157(b)(2)(I).

## V. DISCUSSION

Under the Bankruptcy Code, a motion for relief from stay is a contested matter. Fed. R. Bankr. P. 4001(a) and 9014(c). Bankruptcy Rule 7017 applies in contested matters. Bankruptcy Rule 7017 adopts Fed.R.Civ.P. 17(a)(1), which in turn provides that "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest in a relief from stay motion is a party entitled to enforce the right being asserted under applicable law. In re Jacobson, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009). Therefore, for Chase Finance to be the "real party in interest", it must have the right to enforce the Note under Arizona law.

Under Arizona law, only the holder of a note is entitled to enforce it. A.R.S. § 47-3301. A holder is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." A.R.S. § 47-1201(B)(21)(a). When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone. A.R.S. § 47-3205(B). Mecham v. United Bank of Ariz, 107 Ariz. 437 (1971) (finding where an individual to whom a negotiable note was made payable endorsed the note in blank and delivered it to a bank, the bank was a holder of the note). A "blank endorsement" is one which does not identify a particular person as endorsee. A.R.S. § 47-3205. In this case, the Allonge attached to the Note contained two endorsements. First, the original note holder, Suburban, endorsed the Note to AmTrust by making it payable "[t]o the Order of AmTrust Bank." Second, AmTrust endorsed the Note payable "[t]o the Order of _____ Without Recourse." Because the endorsement signed by AmTrust does not identify to whom the Note is payable, the Note is endorsed in blank and when transferred, the transferee becomes the holder simply by having it in its possession.

4

At the evidentiary hearing, Chase Financial's business record witness produced the original Note and testified that Chase Finance is the current holder of the Note. However, she did not know exactly when Chase Finance acquired the Note. She testified that as an employee with responsibility for Chase Finance loan files involving bankruptcy filings in this District, she acquired the original Note by sending an e-mail request to a division of "Chase" which maintains a warehouse in Louisiana where the Note was held. She believed, but could not be certain, that Chase Finance acquired the Note at or about the same time that Chase Finance sent Mr. Chase, as the then owner of the Property and maker of the Note, a "Notice of Assignment, Sale or Transfer of Servicing Rights" (RESPA Letter)[2] dated January 19, 2008. She asserted that the transfer of the Note to Chase Finance would have triggered the issuance of the RESPA letter. However, the witness had no other documentary evidence of the transfer of the Note to Chase Finance and since the RESPA letter only refers to the servicing rights, it does not necessarily follow that a transfer of the servicing rights also mean that the ownership of the Note was transferred in January 2008.

The RESPA letter does not provide any information about the Note's owner. The sender/author of the RESPA letter is Chase Finance, but the letter refers to both Chase Bank and Chase Finance as "Chase". It states that Chase Bank (Chase) has assumed responsibility for servicing the Loan and that Chase Finance (also Chase) would perform the day-to-day servicing functions for Chase Bank. One could logically assume, therefore, that Chase Finance was the sub-servicer and Chase Bank was the primary servicer of the Loan. On the other hand, since the RESPA letter instructs that payments should be sent to "Chase Mortgage," one could reasonably assume that "Chase Mortgage" was the holder of the Note. Simply put, the RESPA letter does not disclose who owned the Note in January of 2008.

To make matters even more confusing, on August 28, 2008 - a little less than seven

---

[2] The notice provisions of the Real Estate Settlement and Procedures Act (RESPA) require that notice be given to a borrower not less than fifteen (15) days before the effective date of the closing or transfer of the servicing of the mortgage loan or not more than thirty (30) days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan. 12 U.S.C. § 2605(2).

5

months after the issuance of the RESPA letter which, according to Chase Finance's witness, was the date Chase Finance acquired the Note - an assignment of the Deed of Trust from MERS to Chase Finance was recorded in the Maricopa County Recorder's office. If, in fact Chase Finance acquired the Note in January of 2008, it also acquired all of the rights under the Deed of Trust. Hill v. Favour, 52 Ariz. 561, 568 (1938) (finding the mortgage goes with the note and if the latter is transferred or assigned, the mortgage automatically goes along with the assignment or transfer); Rodney v. Arizona Bank, 172 Ariz. 221, 223 (Ariz. App. Div. 2, 1992) (finding when a bank obtained assignment of interest in note, the bank also received a corollary security interest in real property evidenced by the deed of trust). See also A.R.S. § 33-817 ([t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts). Why bother with an assignment of the Deed of Trust to Chase Finance if it acquired the Note in January of 2008?

As confusing as the record is, based on the fact that Chase Finance produced a witness at the evidentiary hearing who testified that Chase Finance had possession of the Note, and in fact produced the original Note at the hearing, the court finds that Chase Finance is the holder of the Note. Accordingly, Chase Finance properly brought the Motion as the "real party in interest" under Rule 17.

In addition to the procedural "real party in interest" requirements of Rule 17, a litigant must also have standing to bring a motion. Warth v. Seldin, 422 U.S. 490, 498 (1975). Having standing to bring a motion is different than being a "real party in interest" under Rule 17. Davis v. Yageo Corp., 481 F.3d 661, 678 (9th Cir. 2007). Standing is a requirement grounded in Article III of the U.S. Constitution and a defect in standing cannot be waived by the parties. In re Kang Jin Hwang, 396 B.R. 757, 768 (Bankr. C.D. Cal. 2008). A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). Constitutional standing requires an injury be fairly traceable to the defendant's allegedly

unlawful conduct and likely to be redressed by the requested relief.  United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 551 (1996). Prudential standing is a set of principles that places limits on the class of person who may invoke a federal court's powers.  Newdow, 542 U.S. at 11.  To comply with the requirement of prudential standing, the litigant must assert its own legal rights and interests.  Oregon v. Legal Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2009).  Generally, a party without legal rights to enforce an obligation under applicable substantive law lacks prudential standing.  Doran v. 7-Eleven Inc., 524 F.3d 1034, 1044 (9th Cir. 2008).  As discussed above, Chase Finance is the holder of the Note.  Therefore, Chase Finance has constitutional standing to bring the Motion because the Debtor's default under the Note can be redressed by allowing Chase Finance to enforce the Note.  Moreover, because Chase Finance asserts its own interest in the Note, Chase Finance has prudential standing.

Having found that Chase Finance has standing to move for relief from stay, the only remaining issue is if Chase Finance is entitled to relief under § 362.  Relief from the stay under § 362(a) is authorized "[o]n request of a party in interest...."  As discussed previously, Chase Finance is entitled to enforce the Note secured by the Property.  Its interest, therefore, is directly affected by the automatic stay.  Accordingly, Chase Finance is a party in interest under § 362(a).

Finally, because the Debtor acknowledged at the evidentiary hearing that there are substantial postpetition defaults in the payments due to Chase Finance, including his failure to make the June adequate protection payment as required by the court's April 23, 2009 Minute Entry, Chase Finance is entitled to relief from the automatic stay under § 362(d).  Chase Finance, however, is not entitled to attorney's fees incurred in bringing the Motion because, by its own admission, it failed to comply with Local Rule 4001-1(b).

7

Case 2:08-bk-16161-EWH   Doc 103   Filed 07/06/09   Entered 07/07/09 08:51:32   Desc
Main Document    Page 7 of 8

## VI. CONCLUSION

Because Chase Finance holds a promissory note secured by Debtor's property, it is a real party in interest with constitutional and prudential standing to seek relief from the automatic stay. The Debtor has not raised any substantive defenses to Chase Finance's Motion. Therefore, Chase Finance's request for relief from stay will be granted. Counsel for Chase Finance is directed to submit an order lifting the stay.

DATED AND SIGNED ABOVE.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Tyrone Hill
530 E. Rose Lane
Phoenix, AZ 85012

Jason P. Sherman
Perry & Shapiro, LLP
3300 N. Central Avenue #2200
Phoenix, AZ 85012

Chase Home Finance, LLC
3415 Vision Drive
Columbus, OH 43219-6009

Russell Brown
Chapter 13 Trustee
3838 North Central Avenue, Suite 800
Phoenix, AZ 85012-1965

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003